PAUL MAKI        #1159
888 Mililani Street, 8th Floor
Honolulu, Hawai`i  96813
Tel. No.     (808) 545-1122
Fax          (808) 545-1711
E-mail:      pmaki@makilaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

|  |  |
|---|---|
| MALIBU SHIRTS, INC., | Civil No. |
| Plaintiff, | COMPLAINT; EXHIBITS A-C; DEMAND FOR JURY TRIAL, SUMMONS |
| vs. | |
| L & W APPAREL CO. INC. , | |
| Defendant. | |

## COMPLAINT

Plaintiff MALIBU SHIRTS, INC., by and for his complaint against

defendant L & W APPAREL CO., INC., hereby alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction and Venue.  This is an action arising under the

trademark laws of the United States of America.  This Court has original

jurisdiction of this civil action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§

1331, 1338(a) and (b) and 1367 (a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

2.      Plaintiff Malibu Shirts, Inc. is a California corporation engaged in the production and sale of primarily clothing items with its retail operations located in the State of Hawai`i..

3.      Defendant L & W APPAREL CO., INC. is a Delaware corporation having its principal office and place of doing business in Pennsylvania.

4.      Defendant does business under the name LEGACY and has sold product bearing the infringing mark, as alleged herein, in the State of Hawai`i.

## FACTUAL STATEMENTS

5.      In or about December, 2006, Malibu Shirts began using the trademark as shown on Exhibit A attached hereto (hereinafter "the Mark") in connection with its production and sale of t-shirts, sweatshirts, hats and caps.

6.      Malibu Shirts is the owner of a federal registration of the

Mark issued by with the United States Patent and Trademark Office in International Class 25 for "shirts, t-shirts, sweatshirts, hats, caps," Registration Number 3,294,684.

7.     The registration described in paragraph 6 has attained incontestable status.

8.     Malibu Shirts produces and sells clothing products, including specifically hats, bearing the Mark.  A true and accurate copy of a Malibu Shirts' hat bearing the mark, is attached hereto as Exhibit B.

9.     Defendant has adopted and is using the Mark and/or other marks likely to be confused therewith for the production, promotion and sale of hats, with such sales taking place in the State of Hawai`i and elsewhere in the United States.  A true and accurate copy of a hat bearing the offending mark is attached hereto as Exhibit C.

10.     Defendant's mark is substantially similar to and likely to be confused with the Mark.

11.     Malibu Shirts has not authorized or consented to this adoption and use by Defendant.

12.     Malibu Shirts has demanded that Defendant cease such use.

3

13.    Defendant's use of the its mark has caused Malibu Shirts, and continues to cause Malibu Shirts, significant and irreparable injury in that it is unable to reap the commercial value or control the use to which the Mark is put.

## COUNT I

### INFRINGEMENT OF TRADEMARK AND TRADE DRESS

14.    Malibu Shirts   here realleges that allegations set forth in paragraphs 1-13 hereof, with like effect as if the same were set forth here in full.

15.     This Count  arises under §§ 32 and 43(a) of the Lanham Act [15 U.S.C. §§1114 and1125(a)].

16.    The Mark is distinctive and is the exclusive property of Malibu Shirts, with no one, including specifically the Defendant, having the right to its use, or the use of any mark likely to be confused therewith, without Malibu Shirts's consent and authorization.

17.    Defendant's use of its confusingly similar mark has caused confusion and is likely to cause further confusion and mistake and to deceive consumers as to Malibu Shirts's endorsement, association and/or sponsorship of the goods offered by Defendant.

4

18.   By the actions alleged above, Defendant has infringed and will continue to infringe the Mark and such use is likely to cause further confusion and mistake and to deceive consumers as to the endorsement, association and/or sponsorship of Defendant by Malibu Shirts.

19.   Defendant's use of the infringing mark subjects Malibu Shirts's valuable good will and reputation to the hazards and perils of Defendant' business activities, over which Malibu Shirts has no control.

20.   Defendant's use of the infringing mark has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that Defendant's products are associated with or endorsed by Malibu Shirts, thus causing immediate and substantial irreparable harm to Malibu Shirts and to the valuable goodwill and reputation which Malibu Shirts has established in the Mark.

21.   Malibu Shirts, having no adequate remedy at law, is entitled to an injunction restraining Defendant, its officers, directors, members, managers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of the trademark laws.

COUNT II

DECEPTIVE TRADE PRACTICES

22.    Malibu Shirts here realleges the allegations set forth in paragraphs 21 above with like effect as if the same were set forth here in full.

23.    This Count arises under the Hawai`i Uniform Deceptive Trade Practices Act, Chapter 481A, Hawai`i Revised Statutes.

24.    Defendant's production, promotion and sale of hats using a mark likely to be confused with the Mark has caused and is likely to cause further confusion or of misunderstanding as to the endorsement, sponsorship, or approval of Defendant's products and the affiliation, connection or association of Defendant's products with Malibu Shirts.

25.    Defendant's use of a mark likely to be confused with the Mark is likely to subject Malibu Shirts' valuable good will and reputation to the hazards and perils of Defendant's activities, over which Malibu Shirts has no control.

26.    Defendant's use of a mark likely to be confused with the Mark has resulted in the false, misleading and confusing conclusion, in the minds of consumers, that Defendant's products are associated with or

endorsed by Malibu Shirts, thus causing irreparable injury and damage to Malibu Shirts and to the public.   Such unfair competition and infringement will continue unless enjoined by this Court.  Malibu Shirts has no adequate remedy at law.

## COUNT III

### UNFAIR METHODS OF COMPETITION

27.   Malibu Shirts here realleges the allegations set forth in paragraphs 1-26 above with like effect as if the same were set forth here in full.

28.   This Count arises under Sections 480-2 and 480-13, Hawai`i Revised Statutes.

29.   The actions of Defendant as set forth above constitute unfair methods of competition prohibited by Section 480-2, Hawai`i Revised Statutes.

## COUNT IV

### COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

30.   Malibu Shirts here realleges the allegations set forth in paragraphs 1-29 above with like effect as if the same were set forth here in full.

31.    The wrongful acts of Defendant as herein alleged constitute unfair competition and an infringement of Malibu Shirts's  rights under common law.  Such unfair competition and infringement will continue unless enjoined by this Court.

## COUNT VI

## MONETARY RECOVERY

32.    Malibu Shirts here realleges the allegations set forth in paragraphs 1-31 above with like effect as if the same were set forth here in full.

33.    As a direct and proximate result of the foregoing, Malibu Shirts has  been damaged, and Defendant has  profited.

34.    Malibu Shirts is entitled to a monetary award equal to its damages and Defendant' profits.  The amount of such damages and profits are not presently known to Malibu Shirts, but Malibu Shirts will, with leave of the Court, prove them at trial.

35.    Defendant's adoption and use of a mark likely to be confused with the Mark were done by Defendant  willfully, intentionally and/or with reckless disregard to Malibu Shirts's rights entitling Malibu Shirts to an

award of punitive or exemplary damages in such amount as the jury may find to be appropriate.

WHEREFORE, Malibu Shirts prays that judgment be entered in his favor as follows:

A.    Enjoining Defendant and its members, officers, directors, managers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from infringing the Mark by:

(1)    Using on or in connection with the production, promotion and sale any mark likely to be confused with the Mark; and

(2)    misappropriating that which rightfully belongs to Malibu Shirts;

B.    Awarding Malibu Shirts Defendant's profits and Malibu Shirts' losses and damages caused by the Defendant's actions pursuant to 15 U.S.C. Section 1117;

C.    Awarding Malibu Shirts the amount of money necessary to run a corrective advertising campaign;

D.    Awarding Malibu Shirts, pursuant to § 480-13(a), H.R.S., treble the amount of damages sustained;

E.    Awarding Malibu Shirts such punitive or exemplary damages against the Defendant as the Court deems appropriate; and

F.    Awarding Malibu Shirts its costs and attorneys' fees, together with such other and further relief as may be appropriate under the circumstances.

DATED:  Honolulu, Hawai`i, July 29, 2014.

/s/ Paul Maki
Attorney for Plaintiff